## IN THE MATTER OF THE CONTEMPT OF THE GLOUCESTER PLEAS.

Argued February 20, 1906—Decided June 11, 1906.

1. The jurisdiction of the Court of Common Pleas under section 2 of a supplement to an act regulating elections (*Pamph. L.* 1905, *p.* 262), to adjudge whether "a person registered" is entitled to vote is complete if the vote of such person has been rejected by the district board and the name of such person appears upon the register delivered by the county board to the county clerk and by him laid before the Court of Common Pleas under the third section of this supplement.

2. The adjudication by the Court of Common Pleas under this supplement that a person registered is entitled to vote in a given district supersedes the authority to adjudge this same question previously vested in district boards by section 25 of the General Election law.

3. The failure or refusal of a district board to permit a person to vote upon the presentation to it by such person of a certificate of the Court of Common Pleas that he is legally entitled to vote in said district, constitutes under the act of 1905 a contempt of that court.

On appeal from order of Gloucester Pleas.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the appellants, *Austin H. Swackhamer.*

For the respondent, *Lewis Starr.*

The opinion of the court was delivered by

GARRISON, J. This is an appeal from an order of the Court of Common Pleas adjudging the appellants guilty of contempt. The appellants were members of the board of registry and election for the borough of National Park, and their contempt consisted in their refusal to permit one Edward Grumley to vote in such district at the general election held on November 7th, 1905, notwithstanding the presentation to them by said Grumley of the certificate of said court that

he was entitled to vote in said district at said election. The certificate in question and these proceedings for contempt are based upon the supplement to the act regulating elections, approved April 12th, 1905 (*Pamph L., p.* 262), which makes it the duty of the said court to sit on election day, and in case the vote of any person registered in any election district has been refused, to inquire in a summary way and adjudge whether such person is entitled to vote in such district, and if it be found that he is so entitled, then to deliver to him a certificate to that effect, upon the presentation of which to the proper district board such person shall be allowed by such board to vote. The fifth section of this supplement provides that if any board of registry and election or any member thereof shall fail or refuse to comply with an order of said court, made under its provisions, such failure or refusal shall be punished as a contempt of the said court.

In the present case, Grumley's name had, previously to election day, been regularly added by the county board of election to the register in its possession and a certificate to that effect given to him, which on election day he presented to the appellants, sitting as a district board of registry and election. The appellants, as such board, refused to receive this certificate, or to add Grumley's name to their register, or to permit him to vote. If the appellants were not satisfied that Grumley was entitled to vote in their district, this action on their part was justified by the proviso to the twenty-fifth section of the Election law of 1898 (at *p.* 249), unless such proviso was repealed by the supplement of April 12th, 1905.

The contention of the appellants is not only that said proviso is unrepealed, but that by force of its provision they were justified in refusing to allow Grumley to vote upon the certificate of the Court of Common Pleas which was duly presented to them later on election day.

Two questions touching the supplement of 1905 therefore arise: (1) Had the Court of Common Pleas, under the provisions of this supplement, jurisdiction to issue the certificate

of Grumley's right to vote? And (2) did the proviso to the twenty-fifth section of the Election law authorize the appellants, notwithstanding said certificate, to refuse to allow Grumley to vote if not satisfied that he was entitled to vote in that district? The precise language of this proviso will be given in treating the second of these questions.

The question of jurisdiction turns upon the following language of section 2 of the supplement of 1905: "In case the vote of any person registered in any election district has been refused or rejected by the district board in such district, the said court shall proceed in a summary way to inquire whether such person is entitled to vote in such district."

It being evident that the jurisdiction thus conferred arises only in case of the rejection of the vote of "a person registered" within its meaning, two opposite contentions as to such meaning are urged.

The appellants contend that the jurisdictional circumstance is the rejection by a district board of the vote of a person whose name is on the registry in the possession of such board, whereas the respondent's contention is that the jurisdiction of the pleas is complete if the vote rejected in any district be that of a person whose name is on the registry list for such district that is officially before the court. This controversy the statute itself resolves in favor of the respondent's contention, for by its next succeeding section it provides that the county board of elections shall deliver all copies of registers in its possession to the county clerk, "who shall have the same in court for the use of the court while acting under the authority conferred by this act." This clearly implies that the registry list that is thus officially before the court for its use while acting under the authority of this statute shall be at least *prima facie* evidence of registration whenever by the act itself registration is made the basis for the exercise of such authority.

Grumley's name appearing upon the register thus officially before the pleas, its jurisdiction under section 2 of the act was complete.

The question of jurisdiction being thus resolved, the remaining question takes this form: Does the certificate of the Court of Common Pleas, under the supplement of 1905, based upon the registry list as revised by the county board of elections, supersede the authority vested in district boards by the proviso to section 25 of the Election law? We think that the later legislation had this effect. Indeed, a brief review of the earlier legislation makes it clear that such was the main object of the supplement of 1905.

Prior to the enactment of this supplement, the provisions of the General Election law required that two registers of the names of voters should be made by the district boards, and that after the revision of said lists by said boards, a third copy should be made and filed with the clerk of the municipality within which such election districts were situated, and that of the two original lists one should be delivered to the county board of elections and the other be retained by the district board. It was then made the duty of the county board to place on the register in its possession the name of any person improperly left off said list, and to give to such person a certificate to that effect, upon the presentation of which the proper district board was required to add the name of such person to the register retained by it, "provided said board was satisfied that he is entitled to vote in said district, and he shall thereupon be entitled to vote in said district." *Pamph. L.* 1898, *p.* 249, § 25. The net result of this legislation was that the right of a person whose name was added to the registry of the county board to vote in any district depended upon whether the board of such district was satisfied that he was entitled to vote therein. In fine, the action of the county board merely raised before the district board the question whether the person whose name it had added was entitled to vote. Now this is the precise question that, under the supplement of 1905, the Court of Common Pleas is required to adjudge and certify to the district board, and inasmuch as this adjudication is to be made upon the register to which the county board has added the name of the person

whose vote was rejected, it is obvious that the earlier legislation is modified in two essential particulars. First, in that a different tribunal is substituted for the adjudication of the question previously left to the judgment of the district boards, and secondly, in that the later act imparts to the registry list, as revised by the county board, an entirely new function, elevating it from a mere means of invoking the veto power of the district board to the position of affording at least *prima facie* evidence for the exercise of the jurisdiction conferred upon the Court of Common Pleas. Necessarily the effect of these provisions is to repeal all prior inconsistent legislation, notably the proviso to the twenty-fifth section of the Election law of 1898.

The result of these considerations is that the appellants clearly violated the only law upon the subject.

The matters urged by the appellants in palliation of their offence were properly disposed of by the court below.

The order brought up by the appeal is affirmed.